# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1805V

| | |
|---|---|
| DENNIS A. KOPOLOVICH,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: December 5, 2024 |

*Edward H. Walter*, Jubelirer Pass & Intrieri, P.C., Pittsburgh, PA, for Petitioner.

*Felicia Langel*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

　　　　On December 9, 2022, Dennis A. Kopolovich filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration following an influenza vaccination he received on December 2, 2021. Petition, ECF No. 1. On April 5, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 30.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $27,449.65 (representing $20,141.00 in fees plus $7,308.65 in costs). Application for Attorneys' Fees and Costs ("Motion") filed May 7, 2024, ECF No. 35. Furthermore, Petitioner represents that he incurred no personal out-of-pocket expenses. ECF No. 35-3.

Respondent reacted to the motion on June 18, 2024, stating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Motion at 2-3, ECF No. 39. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates. Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 35-2. Respondent offered no specific objection to the rates or amounts sought.

## ATTORNEY COSTS

Petitioner requests $7,308.65 in overall costs. ECF No. 74-1. This amount is comprised of obtaining medical records, expert fees, shipping costs, and the Court's filing fee. The total also includes the amount of $5,500.00 for the expert work of Dr. Uma Srikumaran, M.D. ECF No. 35-2.

Dr. Srikumaran was retained to analyze and summarize medical records related to Petitioner's injury at the hourly rate of $1,000.00 for such services. The time billed by Dr. Srikumaran [5.5 hours] was reasonable in light of the work produced in this case. Furthermore, Dr. Srikumaran provided a detailed description of the hours he expended with accompanying dates showing when the work was performed. ECF No. 35-2 at 4-5. And the overall amount sought for his work in this case was reasonable, given that his expert opinion was invaluable when reaching an appropriate resolution in this matter.[3] Thus, I hereby award the full amount of costs requested herein.

---

[3] I do not, however, endorse Dr. Srikumaran's hourly rate for all future cases, or follow the reasoning in *Aycock v. Secretary of Health & Hum. Servs.*, No. 19-235V, 2023 WL 8869423 (Fed. Cl. Spec. Mstr. Nov. 8, 2023). Rather, I will award the sum requested based on its overall magnitude – not on acceptance of the requested hourly rate, which is inordinately high for a Vaccine Program expert.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **I award a total of $27,449.65 (representing $20,141.00 in fees plus $7,308.65 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Edward H. Walter.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.